```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
 In re                                                      :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
                                                            :
        ALEXANDER DY,                                       :    13 cv 6498 (BMC)
                                                            :
                                                            :
                                                            :
                                  Debtor.                   :
                                                            :
----------------------------------------------------------- X
                                                            :
  PAMELA PETERS,                                            :
                                                            :
                                  Appellant,                :
                                                            :
                - against -                                 :
                                                            :
  ALEXANDER DY,                                             :
                                                            :
                                  Appellee.                 :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Appellant Pamela Peters appeals from the Order of the Bankruptcy Court (Stong, B.J.), dated September 30, 2013, which denied Peters' motion to reopen the Chapter 7 bankruptcy case of the debtor, Alexander Dy, and to further extend the time for Peters to object to Dy's discharge in bankruptcy. The Bankruptcy Court acted within its discretion and its decision is therefore AFFIRMED.

**BACKGROUND**

Peters claims that Dy swindled her out of the equity in her home in 2006 pursuant to a "mortgage rescue scam." Peters alleges that she was in desperate financial condition and facing foreclosure when she received a brochure in the mail offering her relief from foreclosure. In 2007, Dy purchased her home in Newark with Peters believing that the proceeds could then be used to lease back the home to Peters so that she and her husband could continue to live there. However, Peters never received any proceeds, and Dy ultimately obtained an eviction order. Peters sued Dy in New Jersey federal court (where Dy resided) for Truth in Lending Act violations and common law claims of having defrauded her out of an alleged $100,000 in equity.[1]

As the New Jersey case was being litigated, Dy filed for Chapter 7 relief in this district on December 30, 2010, where the matter was assigned to Bankruptcy Judge Jerome Feller. Peters commenced an adversary proceeding for a declaration of non-dischargeability. By stipulation between Peters and the Bankruptcy Trustee dated December 30, 2011, that action was dismissed without prejudice so that Peters could litigate to judgment her fraud claim against Dy in the New Jersey action, with dischargeability to be determined by the Bankruptcy Court after entry of judgment in the New Jersey action. As part of that stipulation, Peters' time to object to Dy's discharge was extended "for a period through and including ninety (90) days from the date that this order is "'so ordered.'" Judge Feller So Ordered the stipulation on January 12, 2012, which gave Peters until April 12, 2012 to object to dischargeability.

---

[1] There is, of course, a disconnect between Peters' legal theory and economic reality. If a distressed mortgagor has substantial equity in the property, then it is unlikely that there would be distress, as a reasonable lender would likely lend against the equity.

On April 4, 2012, Peters filed a motion to further extend her time to object to the discharge, again "for a period through and including ninety (90) days from the date that this termination order is "'so ordered.'" Judge Feller held a hearing on the motion on May 1, 2012, and granted the motion. The minute entry states that Peters would have until 90 days after entry of an order to file her objection, and it directed Peters to "Submit Order." Peters did submit an order, but Judge Feller did not sign it until over five months later, on August 17, 2012. Since the order, as requested, extended the time to object for 90 days from its date, Peters had until approximately November 17, 2012 to file her objection to discharge.

On October 29, 2012, using the same request for relief – 90 days from the date of any order entered – Peters again moved to extend her to time to object. Judge Feller held a hearing on November 20, 2012, and granted the motion. This time, however, the minute entry was significantly different than the May 1, 2012 minute entry. Instead of stating that the motion was granted for 90 days after entry of an order, and directing Peters to submit an order to that effect, as the motion and its predecessor had requested, this minute entry stated that "time to object to dischargeability extended to 3/1/13" -- i.e., a date certain. Nevertheless, it again directed Peters to "submit order."

There is nothing in the record showing that an order was submitted, although Peters' counsel later told the Bankruptcy Court that he had done so. In any event, Judge Feller never entered any such order. Instead, he entered an order closing the case on May 21, 2013. He then retired from the bench.

3

On May 29, 2013[2], and through an amended motion dated July 30, 2013, Peters moved to reopen the case for the limited purpose of obtaining an extension to object to Dy's discharge. Dy objected, and the motion was assigned to Bankruptcy Judge Elizabeth S. Stong. She held a hearing on it on September 9, 2013. The first item discussed at the hearing was that the judge hearing the New Jersey case, after over five years of litigation, had on the previous day dismissed Peter's federal claim and declined to continue to exercise supplemental jurisdiction over the remaining state law fraud claims. See Peters v. David *et al.*, No. 07-2210 at dkt 174 (D. N.J. Sept. 16, 2013). A copy of the decision was provided to Judge Stong and she had reviewed it.[3] Peters' counsel expressed the strong view that Peters would refile the case in New Jersey state court and obtain a trial as quickly as possible, since the case was trial ready. Dy's lawyer argued that Dy had already waited long enough for his discharge to become final as to Peters, and that with no state action pending, the mere possibility that there might be one was insufficient cause to reopen the case, especially where Peters had allowed more than 80 days from the March 1, 2013 deadline to pass while she took no action.

In addition, Peters' lawyer argued, and continues to argue on this appeal, that in fact he had submitted an order as directed by the November 12, 2012 minute entry. The Bankruptcy Court questioned him on this and he offered no proof that it had occurred.

The Bankruptcy Court reserved decision on the motion to reopen, but issued a short form Order denying the motion on September 30, 2013. The Order set forth the standards both for

---

[2] Like one of her earlier motions for an extension, the Clerk rejected the May 29 motion because Peters misdesignated its title on ECF, calling it, in essence, an objection to discharge instead of a motion to extend the time to object to discharge. Peters corrected the misfiling shortly after the Clerk notified her lawyer.

[3] A review of the decision shows that the district judge was entirely frustrated with both attorneys' disregard of her trial preparation order. This caused her to *sua sponte* reconsider a summary judgment motion that Dy had made concerning his liability under the Truth in Lending Act, and, on reconsideration, she granted that motion. Having dismissed the TILA claim, she declined to continue to exercise supplemental jurisdiction.

4

reopening a closed case and for extending a creditor's time to object to a discharge. The Order noted that Peters had failed to prove that she had ever submitted an order to Judge Feller as directed by his November 20, 2012 order. The Bankruptcy Court found that the motion to reopen was untimely, and denied it on that basis.

## DISCUSSION

The Order of the Bankruptcy Court denying Peters' motion to reopen to obtain an extension of time to challenge dischargeability constitutes a final order under 28 U.S.C. § 158(a), as no further proceedings can occur with respect to her challenging the dischargeability of Dy's alleged debt. It is therefore appealable as of right. See In re Loefgren, 304 B.R. 288, 289 (W.D. Wis. 2003).

Determination of the standard of review attracts several provisions of the Bankruptcy Code or the Bankruptcy Rules.[4] In this regard, it is important to note that Peters needed each of two forms of relief to preserve her dischargeability objection: (a) an order reopening the bankruptcy case; and (b) an order extending her time to file a complaint for non-dischargeability. See In re Chalasani, 92 F.3d 1300, 1306-07 (2d Cir. 1996). As to reopening, Bankruptcy Code §350 provides that a case may be opened "for cause," an issue that is committed to the discretion of the bankruptcy court, and therefore requires review for an abuse of discretion. See In re Smith, 645 F.3d 186, 189 (2d Cir. 2011).

As to dischargeability, Bankruptcy Rule 4007(c) grants a creditor 60 days from the date of the first creditors' meeting to file a complaint challenging dischargeability. It provides that this period may be extended "for cause", but only if the motion for an extension is filed prior to

---

[4] Peters' articulation of the standard of review is incomprehensible. Without citation, she states that "Standard of Appellate [sic] review is under the 'abuse of discretion' standard and may be reviewed de novo."

5

the expiration of that period (or, presumably, the expiration of any duly extended period). Although Bankruptcy Rule 9006(b), which generally covers extensions of bankruptcy court filing deadlines, allows extensions in broader circumstances, subsection (b)(3) excludes Rule 4007(c) from its reach. Rule 9006(b)(3) does this by providing that "the court may enlarge the time for taking action" under Rule 4007(c) "only to the extent and under the conditions stated" in Rule 4007(c). Thus, if a creditor allows the time to file a dischargeability complaint to lapse without having moved to extend it, the language of Rule 4007(c), either alone or read with Rule 9006(b), would appear not to authorize the bankruptcy court to reinstate the expired period. Nevertheless, the Second Circuit has squarely held that the filing deadline in Rule 4007(c) is subject to extension, even after expiration of the filing period, for waiver, estoppel, or equitable tolling. See In re Benedict, 90 F.3d 50 (2d Cir. 1996). If Peters had argued equitable tolling as a basis for granting her motion to extend her time to object to dischargeability, that argument, like the decision on the motion to reopen, would also be reviewable for an abuse of discretion. See Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 81 (2d Cir. 1974).

I cannot interpret Peters' argument as asserting a right to equitable tolling, not in the Bankruptcy Court and certainly not in connection with this appeal. In her brief before this Court, the only argument as to why the Bankruptcy Court's Order should be reversed is that cause exists to reopen and extend because the Bankruptcy Court was bound by "law of the case," as to which Peters cites only an inapposite New York state *nisi prius* decision and New York practice treatises. Her argument seems to be that since Judge Feller had previously granted several extensions, Judge Stong either committed legal error or abused her discretion in not making the same ruling. Putting aside the merits for just a moment, the application of law of the case is also a discretionary matter, see Wright, Miller and Cooper, 18B Federal Practice and Procedure

6

§4478 (2d ed. West updated 2013) ("So long as the same case remains alive, there is power to alter or revoke earlier rulings"), and thus the Bankruptcy Court's order would be reviewable for an abuse of discretion. See In re PCH Associates, 949 F.2d 585, 592 (2d Cir. 1991).

Thus, the presentation of the issue here in any conceivable formulation requires review for abuse of discretion. An abuse of discretion occurs when a ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S. Ct. 2447 (1990), or when the ruling "cannot be located within the range of permissible decisions," Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 169 (2d Cir. 2001).

Whether viewed as an issue of "law of the case," as Peters' poses it on this appeal, or equitable tolling, as it should have been articulated both below and in this Court, the argument fails utterly. First, Peters proceeds on the assumption that she timely submitted an order to Judge Feller prior to his retirement further extending her time to object. As the Bankruptcy Court's Order noted, there is no evidence that that ever happened. Not only did Peters' attorney fail to produce an office copy, or a certificate of service on Dy's attorney, or a mail or delivery receipt, but he did not even tell the Bankruptcy Court the date on which he had allegedly submitted this order.

Second, even if Peters' attorney did submit an order, it would not have excused what Dy's attorney correctly described as an 88-day gap between the expiration of Peters' extended filing period and the date on which she sought to reopen the closed Chapter 7 case. A fair inference from Peters' appellate brief is that, even at this late date, her attorney is unaware that the November 20, 2012 minute entry was significantly different than the prior minute entries in which Judge Feller granted an extension. This minute entry did not say that the extension would

run for 90 days from entry of an order. Rather, it stated that the extended period would end on March 1, 2013. If Peters' attorney had submitted an order that provided for a 90-day extension from date of entry, as the prior orders had required, then there is no reason to think that Judge Feller, even if he had not retired, would have signed it, as it would not have conformed to his direction in the minute entry. And if Peters did, in fact, submit an order extending her time only through March 1, 2013, as Judge Feller had directed, then there remains no explanation for the failure to seek a further extension until 88 days after expiration of the prior period and after the Chapter 7 case had been closed.

As to Peters' misplaced reliance on "law of the case," putting aside the discretion a court always has to revisit interlocutory orders, and Peters' failure to articulate that argument before the Bankruptcy Court, it is sufficient to note that Judge Stong did not face the same state of facts as Judge Feller. Judge Stong had a long-expired time period that had already been previously extended on numerous occasions. She knew that the basis for those extensions had significantly changed in light of the dismissal of Peters' federal action, and the uncertainty as to whether Peters would re-file in state court and, if so, how long it would take to resolve what would be a newly-filed action. She had a lawyer representing to her that he had filed some order but offering no proof that he had done so or what that order had said. She had a closed Chapter 7 case. This change in circumstances was sufficient for Judge Stong to reach a conclusion different than Judge Feller had reached. See Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods., 310 F.3d 188, 131-32 (3d Cir. 2002). More fundamentally, "law of the case" has no role to play in this inquiry, since Judge Feller had merely exercised his discretion on particular facts; he had not applied any particular rule of law that would bind Judge Stong.

Under Peters' theory, Peters was entitled to extensions in perpetuity based on Judge Feller having granted earlier extensions.

At most, Peters had an argument for equitable tolling based on her attorneys' lack of awareness that the extended time to challenge Dy's discharge expired on March 1, 2013. But that would be a mere mistake. Mere negligence that is claimed to be excusable does not present sufficient grounds for equitable tolling. See In re Lund, 330 B.R. 96, 103 (Bankr. D. Vt. 2004) ("the limitations of Rules 4007(c) and 9006(b) may not be evaded by using [In re] Benedict to cloak a bare excusable neglect), quoting, In re Bachman, 296 B.R. 596, 600 (Bank. D. Conn. 2003). Especially considering that Peters never raised equitable tolling, neither before the Bankruptcy Court nor in this Court, there is no basis for finding that the Bankruptcy Court acted beyond its discretion in denying Peters' motion.

## CONCLUSION

The Order of the Bankruptcy Court is affirmed.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
　　　　January 8, 2013

9